■ NOVAK & CO., INC., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. A. I. SMITH ELECTRICAL CONTRACTORS, INC., et al., Third-Party Defendants-Respondents. — Order, Supreme Court, New York County (Lehner, J.), entered December 13, 1983, which, *inter alia,* granted the motion of third-party defendants A. I. Smith Electrical Contractors, Inc., and Aetna Insurance Company to amend their answer to assert the affirmative defense of *res judicata* and for summary judgment thereupon dismissing the third-party complaint, unanimously reversed, on the law, without costs or disbursements, to the extent appealed from, the third-party complaint reinstated, and the third-party defendants' motion denied.

Plaintiff Novak and third-party defendant Smith were plumbing and electrical contractors, respectively, on defendant Housing Authority's Marcus Garvey Park Village project, which was substantially completed in 1976. Smith was to supply temporary power to the other contractors at the job site. In 1976 Novak commenced this action against the Housing Authority, alleging, *inter alia,* that the Authority had interfered with and delayed the performance of its contract obligations by failing to provide timely elevator service, for which Novak sought damages in the sum of $125,000. In January, 1980 the Housing Authority impleaded Smith and its surety, Aetna, claiming a right to indemnification under both its contract with Smith and Aetna's performance bond in the event it were held liable to Novak. Meanwhile, in 1979, Smith had commenced a separate action against the Housing Authority, alleging that the Authority had misrepresented the extent of the electrical work required of it and delayed performance of its contractual obligations, for which it sought $146,000 in damages. The Housing Authority's answer in the Smith action was stricken in 1981 for noncompliance with court orders directing it to respond to interrogatories. After an inquest, at which the Authority defaulted, judgment was entered in 1981 in favor of Smith in the approximate sum of $140,000, plus interest, costs and disbursements. After the Housing Authority's motions to vacate were denied, and on July 14, 1983, that judgment was satisfied.

Both Smith and Aetna thereupon moved in this action for leave to amend their answer to assert the defense of *res judicata*

and for summary judgment on said defense, arguing that Smith's judgment in its own action against the Housing Authority necessarily included a finding that, as pleaded, it had performed all the conditions of its contract with the Housing Authority and that under well-established *res judicata* principles these issues, essential to the Housing Authority's third-party complaint, could not be relitigated. This defense, of course, was not available at the time the third-party defendants first served their answer. Special Term granted the motion and dismissed the Housing Authority's third-party complaint on the ground that the prior judgment in Smith's action, even though on default, had determined the issue of Smith's performance of its contract. We disagree and reverse.

The delay claim raised here by the Housing Authority, i.e., Smith's responsibility for Novak's delay damages, differs from the delay claim raised in the Smith action, which was interspersed with claims of misrepresentation. In the latter, the Housing Authority had no opportunity or occasion to raise a claim based upon its contingent liability to a separate contractor for delay. Nor is there the slightest showing that, despite its allegations in that action that it had done so, the judgment necessarily included a finding that Smith fulfilled every one of its contractual obligations with the Housing Authority. Thus, without such a showing the finding that the Housing Authority delayed Smith's performance does not exclude the possibility that the Housing Authority also delayed Novak's performance and that Smith's own actions contributed to that delay. Since the prior judgment was on default, the issues necessarily determined there are limited to those essential to the judgment. Given the extensive allegations of misrepresentation it is not at all clear that the judgment's underpinnings are necessarily even based on delay at all. Concur — Sullivan, J. P., Ross, Carro, Bloom and Kassal, JJ.